IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROGER GALLAGHER, | ) | 4:08CV3058 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 12.) As set forth below, Respondent's Motion is granted.

## *I.* *Background*

    On December 15, 1998, Petitioner was sentenced to serve 18 to 30 years for violation of Neb. Rev. Stat. § 28-320.01, sexual assault of a child. (Filing No. 1 at CM/ECF p. 1.) Petitioner is currently in the custody of the Nebraska Department of Correctional Services on that sentence. (*Id.*) This matter is Petitioner's third petition for writ of habeas corpus filed in this court relating to this conviction and sentence. Petitioner filed his first petition on January 20, 1999. (*See Gallagher v. Dahm*, Case No. 4:99CV3021, Filing No. 1.) That petition was dismissed without prejudice on August 24, 1999 because Petitioner failed to exhaust his state-court remedies. (*Gallagher v. Dahm*, Case No. 4:99CV3021, Filing No. 19.) On August 3, 2001, Petitioner filed his second petition. (*See Gallagher v. Clarke*, Case No. 4:01CV3202, Filing No. 1.) That petition was dismissed with prejudice on February 19, 2003 because it was not filed within the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996. (*Gallagher v. Clarke*, Case No. 4:01CV3202, Filing No. 35.) Petitioner filed his Petition in this matter on March 24, 2008. (Filing No. 1.)

## *II.* *Analysis*

Rule 9 governing Section 2254 cases provides that:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

*Id.* Similarly, Section 2244(b)(3)(A) provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*Id.* The United States Supreme Court established a process for court of appeals' review of successive petitions:

> In AEDPA, Congress established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts. *Felker v. Turpin*, 518 U.S. 651, 657 ... (1996); § 2244(b). An individual seeking to file a "second or successive" application must move in the appropriate court of appeals for an order directing the district court to consider his application. § 2244(b)(3)(A). The court of appeals then has 30 days to decide whether to grant the authorization to file. § 2244(b)(3)(D). A court of appeals' decision whether to grant authorization "to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." §2244(b)(3)(E).

*Stewart v. Martinez- Villareal*, 523 U.S. 637, 641 (1998).

In order for a petition to be considered "successive," it must "contest[] the same

custody imposed by the same judgment of a state court." *Burton v. Stewart*, 549 U.S. 147 (2007). If a petition is deemed successive, the district court lacks "jurisdiction to consider it in the first place" and the district court must dismiss the petition. *Id.* However, dismissal is not appropriate where a petitioner "asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *see also Stewart*, 523 U.S. at 641. The general bar against abusive or successive claims extends both to new claims which could have been raised or developed in an earlier petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition. *See Vancleave v. Norris*, 150 F.3d 926, 929 (8th Cir. 1998).

The court has carefully reviewed the record in this matter and in Petitioner's previous two habeas corpus proceedings. There is no question that, in all three petitions, Petitioner is challenging his 1998 conviction and sentence for violation of Neb. Rev. Stat. § 28-320.01, sexual assault of a child. (Filing No. 1 at CM/ECF p. 1; *Gallagher v. Dahm*, Case No. 4:99CV3021, Filing No. 1; *Gallagher v. Clarke*, Case No. 4:01CV3202, Filing No. 1.) Thus, in order for this court to have jurisdiction over Petitioner's current Petition, he must set forth a new rule of constitutional law or new facts which establish his innocence.

Liberally construed, Petitioner argues that the court should reach the merits of his successive petition because he recently received a copy of a document titled "Affidavit in Opposition to DNA Testing." (Filing No. 16 at CM/ECF pp. 4, 40-42.) In this document, filed in state court and relating to Petitioner's underlying conviction and sentence, the Buffalo County, Nebraska County Attorney stated that:

> NO biological samples or materials were ever taken in the investigation of this case. . . . [T]his conviction is based on contact and no penetration, [there are no] other allegation[s] that indicate that any DNA testing would be exculpatory, or in any way . . . relevant to the claim that

3

> the defendant was wrongfully convicted or sentenced. . . . [T]he Defendant admitted that the juvenile was in his residence, and no allegations of penetration or biological material exchange were made.

(*Id.* at CM/ECF pp. 40-41.) Liberally construed, this document indicates that DNA testing was not possible because of the nature of the crime and the fact that no samples or materials existed on which DNA testing could be conducted. There is nothing in the document indicating any new facts showing that Petitioner is innocent, or that otherwise calls into question his underlying conviction or sentence. Thus, Petitioner has failed to allege any new facts establishing his innocence of the underlying offense. Likewise, Petitioner has not set forth a new rule of constitutional law which establishes this court's jurisdiction over the successive petition. Petitioner does not assert that he has sought or received permission from the United States Court of Appeals for the Eighth Circuit to file this successive petition, nor is there any indication in the record that Petitioner has done so. This court therefore lacks jurisdiction over this matter and the Petition is dismissed.

IT IS THEREFORE ORDERED that:

1. Petitioner Roger Gallagher's Petition for Writ of Habeas Corpus (filing no. 1) is dismissed without prejudice to the reassertion of a subsequent petition upon certification by the Eighth Circuit Court of Appeals.

2. All pending motions are denied as moot.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

September 8, 2008.          BY THE COURT:

                            s/ Joseph F. Bataillon
                            Chief United States District Judge